UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY K. ANDERSON, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, )<br>vs. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>STATE OF NEVADA, *et al.*, 　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. 　　　)<br>　　　　　　　　　　　　　　　) | Case No.: 2:22-cv-00734-GMN-VCF<br><br>**ORDER** |

　　　Pending before the Court is Plaintiff Anthony Anderson's ("Plaintiff's") Objection, (ECF No. 10), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 5), recommending that the Court dismiss Plaintiff's Complaint, (ECF No. 1-1), with prejudice for failure to state a claim upon which relief can be granted and deem Plaintiff a vexatious litigant.

　　　Also pending before the Court is Plaintiff's Motion for Temporary Restraining Order, (ECF No. 3), Motion to Compel Prohibitory Injunctive Relief, (ECF No. 4), Motion for Default Judgment, (ECF No. 11), and Motion for Clerk's Entry of Default, (ECF No. 13).

　　　For the reasons discussed below, the Court **DENIES** Plaintiff's Objection, **ADOPTS in full** the Magistrate Judge's Report and Recommendation, and **DENIES as moot** Plaintiff's Motion for Temporary Restraining Order, Motion to Compel Prohibitory Injunctive Relief, Motion for Default Judgment, and Motion for Clerk's Entry of Default.

**I.　BACKGROUND**

　　　This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[1] (Compl.

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248,

1:11–28, ECF No. 1-1).  Plaintiff, who is currently incarcerated at Southern Desert Correctional Center, argues that the inclusion of three Nevada Supreme Court Justices to the Commission—Justices Merrill, Badt, and Eather—improperly delegated legislative powers to the judiciary, rendering the Commission unconstitutional. (*Id*. 2:1–3:28).  According to Plaintiff, the Commission revised and compiled various statutes, including those on voting ballets. (*Id*. 4:1–27).  Plaintiff thereby asserts that he was wrongfully convicted in state court because the judge who presided over his case was "never voted for" due to the Commission's work on voting ballets. (*Id*.).  Plaintiff contends the Commission's actions violated his constitutional rights to procedural due process, substantive due process, and the Equal Protection Clause of the Fourteenth Amendment, in addition to violating the Judicial Code of Conduct. (*Id*. 4:7–26, 7:1–8:28).

On May 9, 2022, Plaintiff filed the instant action, seeking to: (1) vacate his sentence; (2) remove Senate Bill No. 182 so that it can no longer affect anyone; (3) remove any work derived from Senate Bill No. 182; (4) receive payment of a "prevailing wage" for every hour he was incarcerated; and (5) have federal charges brought against every authority that had notice of Senate Bill No. 182's supposed effects on voting documents in violation pursuant to 42 U.S.C. § 1985. (*Id*. 10:1–27).  The Magistrate Judge entered a Report and Recommendation, recommending dismissal of Plaintiff's Complaint for failure to state a claim upon which relief could be granted and deeming Plaintiff a vexatious litigant. (*See* R&R 4:6–7:18, ECF No. 5). On August 5, 2022, Plaintiff filed the present Objection to the Magistrate Judge's Report and Recommendation. (*See generally* Obj., ECF No. 10).

///

---

Statues of Nevada 1955).  *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020).  Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Kennison v. DeCarlo*, No. 2:21-cv-02210, 2022 WL 231763, at *1 (D. Nev. June 28, 2022). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. DISCUSSION

As stated, the Magistrate Judge recommends that the Court dismiss with prejudice Plaintiff's Complaint and deem Plaintiff a vexatious litigant. (R&R 4:6–7:18). Plaintiff objects, arguing that the Magistrate Judge erred in concluding that he is challenging the validity of his conviction and committed several procedural errors. (Obj. 2:12–2:21). The Court will first examine the Magistrate Judge's reasoning.

### A. Sections 1983 Claim

In the Report and Recommendation, the Magistrate Judge noted that Plaintiff's Complaint directly attacks the validity of his criminal conviction. (R&R 4:6–19). The Magistrate Judge further observed that Plaintiff improperly brought a § 1983 claim challenging "the fact or duration of his confinement" because he may only challenge the validity of his

1  arrest, prosecution, and conviction through a writ of habeas corpus. (*Id*.).  In response, Plaintiff
2  argues that he is not challenging his underlying conviction, but rather, the facial validity of
3  Senate Bill 182. (Obj. 2:5–8, 3:25–28).

4  　　　If a § 1983 case seeking damages alleges constitutional violations that would necessarily
5  imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying
6  sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar
7  proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994).  Under *Heck*, a party who
8  was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of
9  that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v.*
10 *Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114); *Wilkinson v.*
11 *Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior
12 invalidation) no matter the relief sought (damages or equitable relief), no matter the target of
13 the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of
14 confinement or its duration.").  *Heck* is grounded in the "strong judicial policy against the
15 creation of two conflicting resolutions arising out of the same or identical transactions." *Heck*,
16 512 U.S. at 114.

17 　　　Despite Plaintiff's contention that he is not challenging his underlying conviction, (Obj.
18 2:5–8, 3:25–28), his Objection specifically requests the Court "vacate [his] defective judgment
19 of conviction." (*Id*. 2:21–22).  Moreover, Plaintiff's Complaint posits that his sentence should
20 be vacated because the judge who presided over his case was "never voted for" due to the
21 Commission's work on voting ballets. (Compl. 4:1–26, 10:1–5).  Plaintiff's filings confirm that
22 he is attacking the validity of his state criminal conviction.  Accordingly, the Magistrate Judge
23 ///
24 ///
25 ///

did not clearly err in recommending that Plaintiff's Complaint be dismissed pursuant to the *Heck* doctrine.[2]

### B.  Senate Bill 182

The Magistrate Judge further found that Plaintiff failed to allege how the three Nevada Supreme Court Justices were unconstitutionally delegated legislative powers. (R&R 4:21–5:18). Including the case at bar, at least ten different actions regarding the Commission have been filed in this District.[3] Each of these challenges was unsuccessful.

The Magistrate Judge began by observing that the Supreme Court of Nevada recently addressed a similar issue in *State v. Taylor*, 472 P.3d 195 (Nev. 2020) (table). (R&R 5:1–10). In *Taylor*, the appellant claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Id.* at 195 at 5. There, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau — which succeeded the statute revision commission — codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id*. The Court held that the trial court did not err in denying the appellant's claim because she failed to show how the Commission "encroached upon the powers of another

---

[2] Moreover, Plaintiff's § 1985 claim fails for the same reason. "The *Heck* doctrine also applies to a plaintiff's § 1985 claims to the extent they are predicated on a theory that undermines a plaintiff's convictions." *Downing v. Wolfson*, No. 2:16-cv-02131, 2017 WL 3382562, at *6 (D. Nev. Mar. 27, 2017); *see e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (clarifying that the *Heck* rule applies regardless of the form of remedy sought); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that *Heck* barred a plaintiff's § 1985 claims alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him).

[3] *See Lucio v. Nevada*, No. 2:22-cv-01088, 2022 WL 3211544 (D. Nev. Aug. 9, 2022); *Brant v. Nevada*, No. 22-cv-01205, 2022 WL 4111002 (D. Nev. Sept. 7, 2022); *Anderson v. State of Nevada*, No. 2:22-cv-00734, 2022 WL 4985672 (D. Nev. Oct. 3, 2022); *Willing v. State of Nevada*, No. 2:22-cv-00795-VCM-CDS; *Willing v. State of Nevada*, No. 2:22-cv-00733, 2022 WL 3084433 (D. Nev. Aug. 3, 2022); *Jones v. State of Nevada*, No. 22-cv-00935; *Jackson v. State of Nevada*, No. 2:22-cv-00976-MMD-EJY; *Wilson v. State of Nevada*, No. 2:22-cv-00978, 2022 WL 7553743 (D. Nev. Oct. 13, 2022); *Cardenas v. State of Nevada*, No. 2:22-cv-01055, 2022 WL 3903404 (D. Nev. Aug. 29, 2022); *Downing v. Wilson*, No. 2:16-cv-02132, 2017 WL 3382562 (D. Nev. Mar. 27, 2017).

branch of government, violating the separation of powers." *Id*.; *see Comm'n of Ethics v. Hardy*, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch from encroaching on the powers of another branch."). The Magistrate Judge explained that despite Plaintiff's "repeated[] assert[ions] that the creation of the Commission was unconstitutional solely because the three Justices were a part of this new Comission[] he fails to show how the Commissions unconstitutionally encroached upon on another branch of government and violated the separation of powers doctrine." (R&R 5:11–15).

The Court finds that the Magistrate Judge did not clearly err in finding that Plaintiff failed to explain how the Commission unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine. (*Id*.). Plaintiff's Objection contains conclusory assertions which are insufficient to illustrate how Justice Merrill, Justice Badt, and Justice Eather violated the "constitution by serving in a nonjudicial public office" and "improperly encroached upon the powers of another branch of government, violating the separation of powers." *Taylor*, 472 P.3d at 195 at 5.

**C. Plaintiff's Procedural Objections**

As previously mentioned, Plaintiff alternatively argues that the Magistrate Judge committed several procedural errors in the Report and Recommendation.[4] Plaintiff contends that the Magistrate Judge failed to certify to the Nevada Attorney General the existence of a

---

[4] Plaintiff contends that "Rule 19 procedure on a certificated question must be followed in this action." (Obj. 6:23–24). Liberally construing this assertion, it appears Plaintiff contends this Court is obligated to certify a question of law to the United States Supreme Court. *See* U.S. Sup. Ct. Rule 19(a) (permitting appellate courts to certify questions to the Supreme Court). However, this "Court does not have the authority to certify questions to the U.S. Supreme Court." *Demos v. United States*, No. 2:22-cv-00488, 2022 WL 2079739, at *1 (W.D. Wash. June 3, 2022). Plaintiff additionally posits that the Ninth Circuit has concurrent jurisdiction with this Court because Plaintiff "directed his petition for review under 28 U.S.C. § 1343(a)(3) to the Ninth Circuit. (Obj. 7:17–25). Merely directing a petition for review to the Ninth Circuit does not automatically vest it with jurisdiction. *See* 28 U.S.C. §1343(a)(3) (stating that the "*district courts*" shall have original jurisdiction of any civil action to redress the deprivation of under color of any State law or privilege or immunity secured by the Constitution) (emphasis added). Plaintiff's conclusory arguments fail to show that the Magistrate Judge committed a clear error.

constitutional question pursuant to Fed. R. Civ. P. 5.1. (Obj. 1:17–2:4, 6:7–12).  Additionally, Plaintiff argues that the Magistrate Judge violated F.R.C.P. 60(b)(3) by misrepresenting his challenge. (*Id*. 3:25–28, 5:9–27).  The Court will first examine Plaintiff's argument under Fed. R. Civ. P. 5.1.

### 1. Fed. R. Civ. P. 5.1

As stated, Plaintiff contends that the Magistrate Judge failed to certify to the Nevada Attorney General the existence of a constitutional question pursuant to Fed. R. Civ. P. 5.1. (Obj. 1:17–2:4, 6:7–12).

Fed. R. Civ. P. Rule 5.1 is intended to give the attorney general (whether of the United States or a state) a chance to intervene to defend the constitutionality of a statute before the Court declares it unconstitutional. *See* Fed. R. Civ. P. 5.1 Advisory Committee Notes ("The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation."); Fed. R. Civ. P. 5.1(c) ("Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.").  Fed. R. Civ. P. 5.1(a)(1)(B) provides that when a plaintiff questions the constitutionality of a state statute and the parties *do not* include the state or one of its agencies or officers in an official capacity, the court must certify to the state's attorney general that a statute has been constitutionally challenge. Fed. R. Civ. P. 5.1(a)(1)(B), (b) (emphasis added).  Here, the State of Nevada is a named defendant. Accordingly, the Magistrate Judge did not err by not certifying Plaintiff's constitutional challenge to the Attorney General of Nevada.

///

///

///

### 2. Fed. R. Civ. P. 60(b)(3)

Plaintiff argues that the Magistrate Judge violated Fed. R. Civ. P. 60(b)(3) by incorrectly concluding he was challenging his judgment of conviction. (Obj. 3:25–28, 5:9–27).  Pursuant to Rule 60(b)(3), a party may move for reconsideration of a final judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  "To prevail [on a Rule 60(b)(3) motion], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted).

Here, Plaintiff misunderstands the purpose of Fed. R. Civ. P. 60(b)(3).  The thrust of Plaintiff's argument is that the Magistrate Judge misrepresented his claim by construing it as a challenge to the underlying crime which led to his current incarceration. (Obj. 3:25–28, 5:9–27).  Contrary to Plaintiff's Objection, Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880.  The merits of a case are not before the court on a Rule 60(b) motion. *Casey v. Albertston's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004).  Plaintiff has provided no evidence that the Magistrate Judge's Report and Recommendation was unfairly obtained.  Moreover, for the reasons set forth above, the Court finds that the Magistrate Judge did not clearly err in finding that Plaintiff's claim is precluded by the *Heck* doctrine.[5]

---

[5] Plaintiff alternatively argues that his Motion for Prohibitory Injunction, (ECF No. 4), is not barred by the *Heck* doctrine. (Obj. 8:7–8, 15:1–9).  However, Plaintiff's Motion for Prohibitory Injunction is mooted by the Court accepting and adopting the Magistrate Judge's recommendation to dismiss his Complaint with prejudice. *See Doe v. Fed. Dist. Ct.*, 467 Fed. App'x 725, 725 (9th Cir. 2001) (finding that where the plaintiff's claims had been dismissed, the district court did not abuse discretion in denying the plaintiff's preliminary injunction motion as moot).

Accordingly, the Court denies Petitioner's Objection and adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim as a matter of law.

**D. Vexatious Litigant**

The Magistrate Judge additionally recommended that this Court deem Plaintiff a vexatious litigant. (R&R 6:1–7:18). Plaintiff does not meaningfully address the Magistrate Judge's recommendation in the Objection. (*See generally* Obj.).

The Court is empowered under 28 U.S.C. § 1651(a) to enjoin litigants "with abusive and lengthy histories." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long*, 912 F.2d at 1148 (internal alteration omitted).

The Ninth Circuit requires courts to consider four factors before imposing a pre-filing order on a vexatious litigant. *De Long*, 912 F.2d at 1147–48. The four factors are: (1) notice and an opportunity to be heard; (2) the creation of an adequate record; (3) findings of frivolousness or harassment; and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior. *Molski*, 500 F.3d at 1058. The first two factors are procedural, requiring the court to engage in certain behaviors. *Id*. The latter two factors are substantive, helping the court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing on the litigant's right to access the courts." *Id*. (citation omitted).

In applying the two substantive factors, the Ninth Circuit has held that a separate set of considerations provide "a helpful framework," including: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in

pursuing the litigation—that is, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the court and other parties. *Ringgold-Lockhart v. City of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

The Court will first examine whether the Plaintiff had notice and an opportunity to be heard.

### 1. Notice and an Opportunity to be Heard

At bottom, this factor stems from due process considerations and simply requires that the party have "an opportunity to oppose the order before it is entered." *De Long*, 912 F.2d at 1147. On July 9, 2022, the Magistrate Judge entered a Report and Recommendation, recommending that the Court deem Plaintiff a vexatious litigant. (R&R 6:1–7:18). Plaintiff responded to the Magistrate Judge's Report and Recommendation in his Objection. (*See generally* Obj.). Accordingly, Plaintiff has been given notice and an opportunity to be heard. *See Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1264 (D. Nev. 2011) (finding that the plaintiff received notice by virtue of the motion to declare him a vexatious litigant and received an opportunity to be heard by filing an opposition to that motion).

### 2. Creation of an Adequate Record

Next, the record must "show, in some manner, that the litigant's activities were numerous and abusive." *De Long*, 912 F.2d at 1147. Further, it "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.*

Here, the Magistrate Judge included a record which demonstrates that Plaintiff's prior actions are numerous and abusive. Specifically, the record shows that in the last ten years, Plaintiff has commenced at least sixteen different actions in this Court. (*See* R&R 6:1–15). All

but three active cases have been dismissed and closed, and two of the three active actions are pending dismissal. (*Id*. 6:3–17). Moreover, this Court and the Ninth Circuit have dismissed several of Plaintiff's lawsuits as frivolous. (*Id*. 6:18–7:10). Finally, the Magistrate Judge observed the "majority of [Plaintiff's] claims center around challenging his conviction or challenging the conditions of his confinement." (*Id*. 7:3–4). This Court and the Ninth Circuit have recognized that the repeated filing of lawsuits concerning the same allegations and claims indicates that a plaintiff's motions are both frivolous and harassing. *See De Long*, 912 F.2d at 1148, n.3 ("The filing of several similar types of actions constitutes an intent to harass the defendant or the court."); *Albanese v. FBI*, No. 2:17-cv-01599, 2017 WL 2838246, at *8 (D. Nev. June 29, 2017) ("Albanese has a history of filing numerous duplicative and frivolous lawsuits concerning the same allegations and claims against the same defendants. Both the number and content of Albanese's filings serve as an indicia of the frivolousness of her claims."). Accordingly, the Court finds that the second factor weighs in favor of restricting Plaintiff's access to the court.

### 3. Findings of Frivolousness or Harassment

The Court is required to "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). In so doing, the Court must look to "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (citing *Powell*, 851 F.2d at 431). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

As set forth above, in assessing the substantive factors, the Court should also consider: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (3) the litigant's motive in pursuing the litigation—that is, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by

counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the court and other parties. *Ringgold-Lockhart v. City of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

As an initial matter, the Court notes that Plaintiff is *pro se*. "Courts are generally protective of the right of *pro se* litigants to enter the court. Nevertheless, courts are entitled to enjoin *pro se* litigants with 'abusive and lengthy' litigation histories." *Albanese*, 2017 WL 2838246, at *8 (citing *De Long*, 912 F.2d at 1147). As explained in the preceding section, the Magistrate Judge documented Plaintiff's history of filing frivolous duplicative lawsuits concerning his conviction and conditions of confinement. (*See* R&R 6:1–17, 7:3). It bears repeating that this Court and the Ninth Circuit have dismissed several of Plaintiff's lawsuits as frivolous. (*Id*. 6:18–7:10). Furthermore, Plaintiff, "on at least two prior occasions, has filed second or successive federal habeas petitions without authorization from the court of appeals." (*Id*. 6:22–23). Here, the Court finds that Plaintiff's lack of good faith is evidenced by his history of filing lawsuits that are likely to be dismissed. Plaintiff's frivolous lawsuits pose an unnecessary burden on this Court and are a vexatious abuse of the judicial process. "'No one, rich or poor, is entitled to abuse the judicial process." *Fulkerson v. Allstate Ins.*, No. 3:20-cv-00399, 2020 WL 7353335, at *4 (D. Nev. Oct. 8, 2020) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

### 4. Narrowly Tailored Relief

In light of the above, a prefiling order is warranted. The Court must therefore craft a prefiling order that is as narrowly tailored as possible to address the vexatious conduct at issue. An order is narrowly tailored where it preserves the litigant's right to adequate, effective and meaningful access to the court, while protecting the court from abuse. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Here, Plaintiff has demonstrated a pattern of filing frivolous lawsuits challenging his conditions of confinement and validity of his conviction and sentence. (R&R 7:3–4). Accordingly, the Court will impose a prefiling order which prevents Plaintiff from filing in the District of Nevada complaints challenging his conditions of confinement and judgment of conviction without first obtaining permission from the Magistrate Judge assigned to his case. *See Balik v. City of Torence*, No. 2:18-cv-02174, 2020 WL 907559, at *8 (D. Nev. Feb. 25, 2020) (instituting a prefiling order against plaintiff which required him to obtain permission from the Magistrate Judge before filing civil rights, harassment, and employment discrimination actions); *Catchings v. City of Santa Monica*, No. 21-cv-9072, 2021 WL 326641, at *5 (C.D. Cal. Feb. 3, 2022) (recommending that a prefiling order be imposed against the plaintiff to require him to obtain permission before filing actions challenging the validity of his conviction and sentence).  This will not preclude Plaintiff's access to the courts when necessary and appropriate but will nonetheless help ensure he no longer abuses the judicial process. *See Silver v. Clark Cnty. Nevada*, No. 2:20-cv-00682, 2020 WL 2199611, at *4 (D. Nev. May 6, 2020).

### E.  Enjoining Vexatious Litigant

If a litigant is deemed vexatious, he/she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court.  In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims.  A copy of the order deeming the litigant vexatious must be attached to any application.  Failure to fully comply will be sufficient grounds for denial of the application. *See De Long*, 912 F.2d at 1146–

47. The Clerk of Court is authorized to reject, refuse to file, and discard any new compliant, petition, or other new action in violation of this order.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 5), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1-1), is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 3), Motion to Compel Prohibitory Injunctive Relief, (ECF No. 4), Motion for Default Judgment, (ECF No. 11), Motion for Clerk's Entry of Default, (ECF No. 13), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

**DATED** this __23__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT